PROB 22 (Rev. 2/88)

| | DOCKET NUMBER (Tran. Court) |
|---|---|
| | 2:87-CR-139 |
| **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Rec. Court) |
| | 8:08-CR-00112-T-17TBM |

U.S. DIST. COURT EAST DIST. WISC
FILED APR 22 2008
O'CLOCK
JON W. SANFILIPPO, CLERK

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Joseph Albritton<br><br>3656 Shetland Court<br><br>Lake Wales, FL 33898 | Eastern District of Wisconsin | Milwaukee |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | The Honorable Thomas J. Curran |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | July 9, 2004 | July 8, 2008 |

**OFFENSE**

Count One: Possession With Intent to Distribute Cocaine
Count Two: Felon in Possession of a Firearm

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____Eastern____ DISTRICT ____Wisconsin____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____Middle District of Florida____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

3/11/08
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____Middle____ DISTRICT ____Florida____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

U.S. District Court Eastern Dist. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office

JON W. SANFILIPPO, Clerk
DATED: JUL 16 2009
by _____ Deputy

March 27th 2008
_____
Effective Date

_____
United States District Judge
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

| CRIMINAL DOCKET U.S. District Court | | | U.S. vs | | Last, First, Middle | | Case Filed Mo. Day Yr. | Docket No. | |
|---|---|---|---|---|---|---|---|---|---|
| 757 | 02 | 5708 / 5708 | WRIT / JUVENILE / ALIAS | | 87 / 39 ALBRITTON, JOSEPH LARRY | | 11/03/87 | 00139 | 01 |
| Dist. | Off. | Judge/Magist. | Offense on Index Card | | | | No. of Defts 01 | U.S. MAG CASE NO. 87-93M(B) | |

| U.S. TITLE SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM |
|---|---|---|---|
| 21:846 & 18:2 | consp. to possess w/intent to distrib. to distrib. cocain, Sch. II - ct. 1 | 1 | |
| 21:841(a)(1) & 18:2 | Possess w intent to distrib. cocaine, Sch II- ct. 2 | 1 | |
| 18:924(c)(1) & 2 | Firearms -ct 3 | 1 | |

SUPERSEDING COUNTS

| INTERVAL ONE | | END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL) | | END INTERVAL TWO | |
|---|---|---|---|---|---|
| KEY DATE 10/26/87 | | KEY DATE 11/03/87 | KEY DATE 11/04/87 | KEY DATE 3-14-88 | Dismissed / Pled Guilty / Nolo After N.G. / After nolo / Trial (from direct) began / Jury / N.J. |
| EARLIEST OF | | APPLICABLE | 1st appears on pending charge / R40 / Received / R20/21 / Supsdg. Indt. / Order New trial / Remand / JG/P Withdrawn | APPLICABLE | |
| appears with or w/o counsel | ARRAIGNMENT | 1st Trial Ended | 2nd Trial Began | DISPOSITION DATE 3-14-88 | SENTENCE DATE 4-28-88 | FINAL CHARGES DISMISSED on ST grounds / W.P. / WOP / motion |

III. MAGISTRATE
INITIAL APPEARANCE DATE ▶
PRELIMINARY EXAMINATION ▶ Date Scheduled
REMOVAL HEARING ▶ Date Held ▶
WAIVED / NOT WAIVED   Tape Number
INTERVENING INDICTMENT

OUTCOME:
DISMISSED / HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT
HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW

Search Warrant — Issued / Return
Summons — Issued / Served
Arrest Warrant Issued
COMPLAINT ▶ 10/24/87 TTR/5707
Date of Arrest

10/24/87   21:841(a)(1) & 846

Miller, #3 Robbins, #4 Scott
ATTORNEYS

R. Jeffrey Wagner
X U.S. Attorney

Thomas J. Kasen
10425 W. North Avenue
Wauwatosa, WI 53226
(414) 476-1001

U.S. District Court
Eastern Dist. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office
JON W. SANFILIPPO, Clerk
DATED: JUL 1 6 2009   By: Deputy /s/

BAIL • RELEASE
PRE-INDICTMENT
Release Date
Bail Denied / Fugitive
Date Set
Bail Not Made / Collateral
Date Bond Made / 3rd Pty / Other

POST INDICTMENT
Release Date
Bail Denied / Fugitive / Pers. Rec.
AMOUNT SET
Conditions / 10% Dep
Date Set
Bail Not Made / Collateral / Surety Bnd
Date Bond Made / 3rd Pty

Docket Entries Begin On Reverse Side

FINE AND RESTITUTION PAYMENTS
DATE / RECEIPT NUMBER / C.D. NUMBER

APPEALS FEE PAYMENTS

| DATE | | Dkt No | | MASTER DOCKET - MULTIPLE DEFENDANT CASE / PROCEEDINGS DOCKET FOR SINGLE DEFENDANT  PAGE 1 of 1 | VI EXCLUDABLE DELAY | | |
|---|---|---|---|---|---|---|---|
| | | 87 00139 | 01 | | | | |

### V. PROCEEDINGS

| Date | Doc # | Proceeding |
|---|---|---|
| 10/24/87 | 1 | Complaint. |
| 10/26/87 | 2 | ORDER (RLB) Appointing Thomas Kasen as counsel for deft. |
| " | 3 | HEARING (RLB) Further proceedings. Detention hrg set 10/28/87 at 10:00 a.m. Prelim hrg set 11/4/87 at 10:00 a.m. |
| " | 4 | ORDER (RLB) of temporary detention. |
| 10/28/87 | 5 | HEARING (RLB) Detention Hrg. Court finds no conditions or combination for release. Deft detained. |
| " | 6 | ORDER (RLB) of Detention pending trial. |
| 11/03/87 | 7 | Indictment |
| 11/04/87 | 8 | HEARING (RLB) Arr. & Plea. Plea of N/G was entered. Motion & briefing schedule as set 11/13/87, 11/23/87, 11/27/87. Final pretrial set 12/17/87 at 8:45 a.m. JT 1/4/88 at 9:30 a.m. Trial est. 1 wk. Detention continued. |
| 11/12/87 | 9 | Transcript of 10/28/87 proceedings. |
| 11/13/87 | 10 | Notice sent rescheduled final pretrial 12/22/87 at 8:45 a.m. ctr. 242. |
| 11/23/87 | 11 | Deft's memo in support of mot f/evidentiary hrg. |
| " | 12 | Deft's notice mot & mot f/discovery. |
| " | 13 | Deft's notice of mot & mot to hold evidentiary hearings. |
| " | 14 | Deft's notice of mot & mot to suppress physical evidence. |
| " | 15 | Deft's notice of mot & mot to dismiss f/illegal arrest. |
| " | 16 | Deft's affidavit in support of mot to suppress statements. |
| " | 17 | Deft's affidavit of deft's mot to hold evidentiary hrg. |
| 12/03/87 | 18 | Gov't. consolidated memorandum in reesponse to pre-trial motions of defts. |
| 12/5/87 | 19 | Deft's. statement of uncontested facts. |
| 12/09/87 | 20 | HEARING(RLB) Evidentiary Hearing. Testimony given. Matter under advisement. |
| 12/14/87 | 21 | Gov't. Joint motion for continuance |
| 12/14/87 | 22 | Affidavit of R. Jeffrey Wagner for joint motion for continuance. |
| 12/14/87 | 23 | Transcript of proceedings (Evidentiary Hearing of December 9, 1987. |
| 12/17/87 | 24 | ORDER(TJC) the final pretrial is rescheduled for 2/18/88 and the trial will commenced on 3/14/88. FURTHER ORDERED that the speedy trial time is tolled from the date of this order until the date pretrial motion have been resolved. |
| 12-18-87 | 25 | ORDER (RLB) modifying briefing schedule as following: 12-30-87, 1-11-88 and 1-15-88. |
| 12/23/87 | 26 | Gov't. Ex Parte motion for a restraining order pursuant to Title 21, United States Code, section 853. |
| 12/23/87 | 27 | ORDER(TJC) Gov't. motion for a restraining order pursuant to Title 21 United States Code section 853 is GRANTED. The deft's. and their agents are enjoined, prohibited,and restrained from selling, assigning, pledging, distributing,encumbering, or otherwise disposing of, removing from the jurisdiction of this court of wasting, any and all part of their interest,direct or indirect,in the property described in the forfeiture provision of the indictment. |
| 1/6/88 | 28 | Deft's brief in support of motion to suppress statements & evidence seized w/notice of motion & motion. |
| 1/6/88 | 29 | Deft's. notice of motion and motion with attached affidavit of Thomas Kasen. |
| 1/7/88 | 30 | MARGINAL ORDER(RLB) Deft's. notice of motion and motion is hereby GRANTED. |

Excludable delay entry: 11-23-87 / 3-14-88  E  115

CONTINUED PAGE

| D.C. 109A CRIMINAL DOCKET | ALBRITTON, JOSEPH LARRY | Page 2 87000139 01 |

| DATE | | PROCEEDINGS |
|---|---|---|
| /88 | 31 | Govt's. memorandum in response to deft's. pretrial motions to suppress. |
| | 32 | Govt's. motion to file pre-trial memorandum instanter with attached affidavit of Jeffrey Wagner. |
| | 33 | **ORDER(RLB)** Gov't. motion to file its pretrial memorandum instanter be and hereby is GRANTED. Further ORDERED that any replies thereto shall be filed on or before 5:00 p.m. 1/26/88. |
| | 34 | Deft's. reply brief in support of def'ts pretrial motion to suppress. |
| | 35 | **MAGISTRATE'S RECOMMENDATION to (TJC)** RECOMMEND: Deft's. motion to dismiss for illegal arrest be DENIED. Deft's. motion to suppress physical evidence be DENIED. Deft's. motion to suppress statements be DENIED. ORDERED: Deft's. motion for discovery is DENIED. Case file transferred to Judge Curran. |
| | 36 | Deft's. objection to the magistrate's recommendation and order. |
| | 37 | **HEARING(TJC)** Final pretrial. Trial estimate 1 week. Jury selection 1 alternate. Call additional 3 names f/alternates. Voir dire due 4 days prior to trial. Jury Inst. due 5 days prior to trial. |
| 04/01/88 | 38 | Govt's. memorandum in response to deft's. appeal of magistrate's recommendation. |
| 03/14/88 | 39 | **HEARING(TJC)** Change of Plea. Deft's. enters plea of GUILTY Adjudged guilty. Waiver of Indictment signed. Information filed. Sentencing set for 4/28/88 at 9:00 a.m. |
| 03/15/88 | 40 | **ORDER(TJC)** order of forfeiture and seizure. |
| 3/24/88 | 41 | **ORDER (TJC)** of Forfeiture & Seizure. ORDERED that the following property is forfeited to the U.S. purs to 21:853: a) currency seized 10/23/87 in amt of $16,455.00 b) narcotics paraphernalia & weapons 10/23/87 c) 1985 Buick Electra, FL license CVV02K, VIN 1G4CX6934F1426443 d) funds in Account No. 1003-05-357 at Haven Federal Savings & Loan, Lake Wales, FL. |
| | 42 | Govt's notice of forfeiture. Returned 4/11/88. Executed 4/3/88. |
| | 43 | **HEARING (TJC)** sentencing. **SENT:** Ct 1 - 12 yrs imprisonment. Pursuant to statutory requirement, a supervised release term of four years is also imposed. Ct. 2 - 5 yrs impr. Sentences imposed in cts. 1 & 2 are to operate conc w/each other making a total sentence of 12 yrs. plus a supervised release term of four yrs to follow. **SPECIAL ASSESSMENT:** $100.00 for cts 1 & 2 to be paid prior to the expiration of sentence to the U.S. Attorney. |
| 4-28-88 | 44 | JUDGMENT AND COMMITMENT ORDER (TJC). EOD 5-5-88. |
| 5-6-88 | 45 | Transcript of proceedings held on 4-28-88. |
| | 46 | Govt's. motion for order and judgment to all forfeiture items described in court's order of forfeiture and seizure entered on March 24, 1988. With attached affidavit of K. Jeffrey Wagner. |
| | 47 | **ORDER & JUDGMENT(TJC)** ORDERED that pursuant to 21 U.S.C. §853 (n)(7), that the United States of America has clear title to the following property and may warrant good title to any subsequent purchaser or transferee: (a) currency seized 10/23/87 in amount of $16,455.00 (b) narcotics paraphernalia & weapons 10/23/87 (c) 1985 Buick Electra, FL license CVV02K, VIN 1G4CX6934F1426443. (d) funds in Account No. 1003-05-357 at Haven Federal Savings & Loan, Lake Wales, FL |
| | 48 | Deft's. notice of motion and motion for modification of sentence. |
| | 49 | Deft's. application to proceed in forma pauperis |
| | 50 | Deft's. motion pursuant to 28 U.S.C. 35 for sentence reduction and correction of sentence. |

ALTRITTON, JOSEPH LARRY

| DATE | | PROCEEDINGS |
|------|---|-------------|
| 9/16/88 | 51 | Govt's. memorandum in response to deft's. RULE 35 motion. |
| 9/20/88 | 52 | ORDER(TJC) Deft's. motion pursuant to 28 U.S.C. 35[sic] for sentence reduction and correction of sentence (Filed August 26, 1988) is DENIED. |
| *3/14/88 | 53 | Information. |
| *3/14/88 | 54 | Plea Agreement. |
| 11/16/88 | 55 | Transcript of sentencing held 4/28/88. |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT
EAST DIST. WISC.
FILED

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOE L. ALBRITTON;<br>ROY C. MILLER;<br>EMORY D. ROBBINS; and<br>PAMELA K. SCOTT;<br><br>        Defendants. | '87 NOV -3 P2:25<br>SOFRON B. stamp<br>CLERK<br><br>CASE NO. 87-Cr 139<br><br>[21 U.S.C. §841(a)(1),<br>and 846; 18 U.S.C. §2,<br>922(g)(1), 924(c)(1)]<br><br>I N D I C T M E N T |

COUNT ONE

THE GRAND JURY CHARGES:

That between on or about July 1, 1987 to on or about October 31, 1987 at or around the City of Milwaukee in the State and Eastern District of Wisconsin and elsewhere,

    JOE L. ALBRITTON;
    ROY C. MILLER;
  EMORY D. ROBBINS; and
    PAMELA K. SCOTT,

defendants herein, did knowingly and willfully conspire with persons know and unknown to the grand jury to intentionally and knowingly distribute in excess of five kilograms of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, section 846 and Title 18, United States Code, section 2.

U.S. District Court
Eastern Dist. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office

JON W. SANFILIPPO, Clerk

DATED: JUL 16 2009

by /s/ Deputy

FORM OBD-183
MAR. 83

2

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Brookfield in the State and Eastern District of Wisconsin and elsewhere,

> JOE L. ALBRITTON;
> ROY C. MILLER;
> EMORY D. ROBBINS; and
> PAMELA K. SCOTT

defendants herein, did knowingly and intentionally possess with intent to distribute approximately 1800 grams of a mixture containing cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, section 841(a)(1) and Title 18, United States Code, section 2.

FORM OBD-183
MAR. 83

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Brookfield in the State and Eastern District of Wisconsin,

JOE L. ALBRITTON; and
PAMELA K. SCOTT,

defendants herein, did knowingly carry a firearm, to wit: a Fratelli Tanfoglio, Model Titan II .380 caliber pistol, serial number EB11571; and/or a Strum Ruger model Ruger Mark II .22 caliber Lugar, serial number 213-40025, and/or a Harrington & Richardson, model 999, 9 shot .22 caliber revolver, serial number BA041883, and/or an Armi FLLI Tanfoglio, model TZ 75 9 mm. caliber pistol, serial number HU9252, and/or a Colt derringer .22 caliber short, serial number 12866N, and/or a Smith & Wesson model 60, .38 caliber revolver, serial number AWC6931, and/or a Snake Charmer .410 gauge shotgun, serial number 83117, and/or an Intertec 9, 9 mm. caliber pistol, serial number 17986, during and in relation to a drug trafficking crime, that is, conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of Title 21, United States Code, sections 841(a)(1) and 846, being the alleged felonies charged in counts one and two of the indictment, for which they could be prosecuted in a court of the United States;

All in violation of Title 18, United States Code, section 924(c)(1) and 2.

4

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Waukesha in the State and Eastern District of Wisconsin,

EMORY D. ROBBINS,

defendant herein, did knowingly carry a firearm, to wit: a Star 9 mm. caliber pistol, serial number 1736417, during and in relation to a drug trafficking crime, that is, conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of Title 21, United States Code, section 841(a)(1) and 846, being the alleged felonies charged in counts one and two of the indictment, for which he could be prosecuted in a court of the United States;

All in violation of Title 18, United States Code, section 924(c)(1).

5

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Waukesha in the State and Eastern District of Wisconsin,

ROY C. MILLER,

defendant herein, did knowingly carry a firearm, to wit: a Smith and Wesson model 19-5 .357 magnum, 6 shot revolver, serial number AJS9395, during and in relation to a drug trafficking crime, that is, conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of Title 21, United States Code, sections 841(a)(1) and 846, being the alleged felonies charged in counts one and two of the indictment, for which he could be prosecuted in a court of the United States;

All in violation of Title 18, United States Code, section 924(c)(1).

FORM OBD-183
MAR. 83

6

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Waukesha in the State and Eastern District of Wisconsin,

ROY C. MILLER,

defendant herein, having previously been convicted in a court of the State of Florida on or about February 9, 1978 of a crime punishable by imprisonment for a term exceeding one year, to wit: armed robbery, did knowingly possess in or affecting commerce a firearm, to wit: a Smith and Wesson model 19-5 .357 magnum, 6 shot revolver, serial number AJS9395;

All in violation of Title 18, United States Code, section 922(g)(1).

FORM OBD-183
MAR. 83

7

## FORFEITURE PROVISIONS

1. The indictment charges defendants Joe L. Albritton, Roy C. Miller, Emory D. Robbins and Pamela K. Scott with certain violations of Title 21, United States Code, sections 841(a)(1) and 846, and upon conviction of any violations of these laws, such convicted defendant shall forfeit to the United States (1) any property constituting or derived from any proceeds the person obtained, directly or indirectly, as a result of such violation, and (2) any of the person's property used or intended to be used, in any manner or part, to commit or facilitate the commission of such violation; pursuant to Title 21, United States Code, section 853.

2. Such forfeitures shall include but not be limited to the following:

(a) All United States currency seized on October 23, 1987 from the following individuals, Colleen Miller, Pamela K. Scott, Jose Soto and Joe L. Albritton, in the total amount of $16,455.

(b) All narcotics paraphernalia and weapons seized on October 23, 1987 pursuant to the execution of a search warrant at Rooms 51 and 52 of the Leilani Motel, 18615 West Bluemound Road, Brookfield, Wisconsin, including but not limited to one O'Haus scale and one "Hot Box."

(c) One 4 door 1985 Buick Electra, bearing Florida license CVVO2K, VIN 1G4CX6934F1426443.

(d) Any financial interest of any of the above-named defendants in any funds located in Account number 1003-05-357 at

FORM OBD-183
MAR. 83

8

Haven Federal Savings and Loan, Lake Wales, Florida in the name of Joe Albritton.

A TRUE BILL:

_____
Foreperson

  11-3-87
Dated: _____

_____
PATRICIA J. GORENCE
United States Attorney

FORM OBD-183
MAR 83

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAR 14 1988

```
 1
 2
 3   UNITED STATES OF AMERICA,
 4                  Plaintiff,
 5
 6        v.                                    Case No. 87-Cr-139
 7   JOE L. ALBRITTON,
 8                  Defendant.
 9   ─────────────────────────────
10                 I N F O R M A T I O N
11
12        THE UNITED STATES ATTORNEY CHARGES:
13        That on or about October 23, 1987 at or around the
14   City of Brookfield in the State and Eastern District of Wisconsin
15   and elsewhere,
16                       JOE L. ALBRITTON
17   defendant herein, did knowingly and intentionally possess with
18   intent to distribute approximately 1800 grams of a mixture con-
19   taining cocaine, a Schedule II controlled substance;
20        All in violation of Title 21, United States Code,
21   Section 841(a)(1) and Title 18, United States Code, Section 2.
22
23
24
25
26
```

U.S. District Court
Eastern Dist. of Wis.
I hereby certify that this is a
true and correct copy of the original now
remaining of record in my office
JON W. SANFILIPPO, Clerk
JUL DATE: 2009
by _____ Deputy

GORDON B. NEDILSKY

2

## COUNT TWO

THE UNITED STATES ATTORNEY FURTHER CHARGES:

That on or about October 23, 1987 at or around the City of Brookfield in the State and Eastern District of Wisconsin

JOE L. ALBRITTON

defendant herein, having previously been convicted in a court of the State of Florida on or about October 24, 1963 of a crime punishable by imprisonment for a term exceeding one year, to wit: grand larceny, did knowingly possess in or affecting commerce various firearms, that is, a Fratelli Tanfoglio, model Titan II .380 caliber pistol, serial number EB11571; and/or a Strum-Ruger model Ruger Mark II .22 caliber Lugar, serial number 213-40025, and/or a Harrington & Richardson, model 999, 9-shot .22 caliber revolver, serial number BA041883, and/or an Armi FLLI Tanfoglio, model T2 75 9mm. caliber pistol, serial number HU9252, and/or a Colt Derringer .22 caliber short, serial number 12866N, and/or a Smith & Wesson model 60, .38 caliber revolver, serial number AWC 6931, and/or a Snake Charmer .410 gauge shotgun, serial number 83117, and/or an Intertec 9, 9mm. caliber pistol, serial number 17986;

All in violation of Title 18, United States Code, Section 922(g)(1).

*Patricia J. Gorence*
PATRICIA J. GORENCE
United States Attorney

Dated: March 11, 1988

FORM OBD-183
MAR. 83

AO 245 (Rev. 8/87) Judgment in a Criminal Case

# United States District Court

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

V.

Joseph Albritton
3907 Buckboard Trail
Lake Wales, Florida   33853

(Name and Address of Defendant)

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 87-CR-139

Thomas Kasen
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF:**

[X guilty  ☐ nolo contendere] as to count(s) __one & two of the information__

**THERE WAS A:**
[X finding  ☐ verdict] of guilty as to count(s) __one & two of the information__

~~THERE WAS A:~~
~~[☐ finding  ☐ verdict] of not guilty as to count(s)~~
~~☐ judgment of acquittal as to count(s)~~
~~The defendant is acquitted and discharged as to this/these count(s).~~

**THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:** possession with intent to distribute cocaine in violation of Title 21, U.S.C. § 841 (a)(1) and Title 18, U.S.C. § 2, as charged in count one of the information; a felon in possession of a firearm in violation of Title 18, U.S.C. § 922 (g)(1) as charged in count two of the information.

**IT IS THE JUDGMENT OF THIS COURT THAT:** the defendant is committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of twelve (12) years as to count one. Pursuant to statutory requirement, a supervised release term of four (4) years is also imposed. As to count two a period of five (5) years of imprisonment. Sentences imposed in counts one & two are to operate concurrently with each other making a total sentence of twelve (12) years plus a supervised release term of four (4) years to follow.

U.S. District Court
Eastern Dist. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office

JON W. SANFILIPPO, Clerk

In addition to any conditions of probation imposed above, IT IS ORDERED that the conditions of probation set out on the reverse of this judgment are imposed.

## CONDITIONS OF PROBATION

Where probation has been ordered the defendant shall:

(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;
(2) associate only with law-abiding persons and maintain reasonable hours;
(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);
(4) not leave the judicial district without permission of the probation officer;
(5) notify your probation officer immediately of any changes in your place of residence;
(6) follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $ __100.00__
pursuant to Title 18, U.S.C. Section 3013 for count(s) __one & two__ as follows:
to be paid prior to the expiration of sentence to the U. S. Attorney.

~~IT IS FURTHER ORDERED THAT counts~~ _____ ~~are DISMISSED on the motion of the United States.~~

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

~~☐ The Court orders commitment to the custody of the Attorney General and recommen~~ds:

__April 28, 1988__
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

__Thomas J. Curran, United States District Judge__
Name and Title of Judicial Officer

_5-4-88_
Date

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at
                         Date

_____, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

United States Marshal

By_____
Deputy Marshal